# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-259


**GREG LOUVIERE, ET AL.**

**VERSUS**

**ACE HARDWARE CORP., ET AL.**


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 100058-E
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**


**Charles J. Foret**
**Briney & Foret**
**P. O. Drawer 51367**
**Lafayette, LA 70505**
**(337) 237-4070**
**Counsel for Defendant/Appellee:**
**Thomas LeBlanc**

**Nan Maria Landry**
**Attorney at Law**
**2014 W. Pinhook Road, #403**
**Lafayette, LA 70508**
**(337) 234-7200**
**Counsel for Defendant/Appellee:**
**American Presto Corporation**

**William Allen Repaske**
**Landry & Watkins**
**P. O. Drawer 12040**
**New Iberia, La 70562-2040**
**(337) 364-7626**
**Counsel for Defendants/Appellees:**
**Ace Hardware Corporation**
**Thomas LeBlanc**

**Daniel Albert Claitor**
**Attorney at Law**
**7520 Perkins Road, Suite 170**
**Baton Rouge, LA 70808**
**(225) 767-0159**
**Counsel for Plaintiffs/Appellants:**
**Lori Louviere**
**Greg Louviere**

**EZELL, JUDGE**.

Lori and Greg Louviere appeal the grant of a partial summary judgment dismissing all of their claims, except that claim for redhibition, against Thomas R. Leblanc d/b/a Handyman Ace Hardware. They claim the trial court erred in concluding that there was a genuine issue of material fact as to whether Handyman Ace Hardware held itself out to be a manufacturer pursuant to the Louisiana Products Liability Act.

## FACTS

In late 2001, Greg went to the Handyman Ace Hardware located in New Iberia to make various purchases. While browsing through the store, he came across a bin filled with loose bungee cords that were labeled with pink Ace price tags. Greg bought one of the bungee cords.

On March 4, 2002, Greg was outside of his home binding down a set of drawers on a piece of furniture in his pickup truck with the bungee cord purchased form Handyman Ace Hardware. After Greg secured one end of the bungee cord, he proceeded to stretch the cord out when the secured metal end suddenly failed and lost a bend in the hook. The bungee and hook came loose and struck Greg in the right eye.

Plaintiffs filed suit against Handyman Ace Hardware and its insurer, Transcontinental Insurance Company, in addition to Ace Hardware Corporation, American Presto Corporation, J.M.D. Tools, Inc., and Valley Industries Corporation. Ace Hardware Corporation was dismissed by summary judgment which was not objected to by the Louvieres.

Handyman Ace Hardware also filed a motion for summary judgment. The trial court granted a partial summary judgment in favor of Handyman Ace Hardware

1

dismissing all claims of the Louvieres except for their redhibition claim. After a remand by this court, the trial court issued an order on March 15, 2005, designating the partial summary judgment as a final judgment subject to appeal.

The Louvieres appealed claiming that the trial court erred in failing to find that a genuine issue of material fact exists as to whether Handyman Ace Hardware labeled the bungee cord as its own or otherwise held itself out to be a manufacturer within the meaning of the Louisiana Products Liability Act.

**MANUFACTURER**

The Louvieres argue that summary judgment was inappropriate because there is a dispute as to whether Handyman Ace Hardware is a manufacturer.

> Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La.7/6/04), 880 So.2d 1. The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Richard v. Hall*, 03-1488 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. *Id*. This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id*.

*Champagne v. Ward*, 03-3211, pp. 4-5 (La. 1/19/05), 893 So.2d 773, 776-77.

Louisiana Revised Statutes 9:2800.53(1)(a), relied upon by the Louvieres, provides one definition of a manufacturer as "[a] person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product."

2

The Louvieres rely on Greg's affidavit that the labeling and presentation of the bungee cord caused him to believe that Handyman Ace Hardware was the manufacturer. Pictures of the bungee cord show a small pink label attached to the bungee cord which reads, "ACE PRICE $$2.95."

In *Peterson v. G.H. Bass and Co., Inc.*, 97-2843 (La.App. 4 Cir. 5/20/98), 713 So.2d 806, *writ denied*, 98-1645 (La. 10/16/98), 727 So.2d 441, the fourth circuit found no error in the trial court's conclusion that Bass was the manufacturer of shoe care products pursuant to La.R.S. 9:2800.53(1)(a). The court based its conclusion on the fact that the labels identified Bass in large, bold print on the front of each can even though the labels clearly stated in fine print that the products were 'Manufactured for G.H. Bass & Co.' *Id.* at 808. Furthermore, in *Oxley v. Sabine River Auth.*, 94-1284, p. 14 (La.App. 3 Cir. 10/19/95), 663 So.2d 497, 507, *writs denied*, 96-64, 95-3090 (La. 2/28/96), 668 So.2d 357, 368, this court found that the seller of a transformer who put its own label on a transformer "accepted the same responsibilities as a manufacturer." There was no indication as to the type, size, or wording on the label.

In the present case, we are faced with situation of whether a price tag labeled with the seller's name indicates that the product was manufactured by that seller. There were no other labels on the bungee cord to indicate who manufactured the product. The only label on the bungee cord was one with the name "Ace." We find that there is a question regarding fact of whether this label establishes that Ace Handyman Hardware labeled the bungee cord as its own pursuant to La.R.S. 9:2800.53(1)(a).

3

Therefore, we reverse the partial summary judgment of the trial court and remand this case for further proceedings. Costs of this appeal are assessed to Thomas R. Leblanc d/b/a Handyman Ace Hardware.

**REVERSED AND REMANDED.**